J-S48038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BILLY RAY HARDESTY | : | |
| | : | |
| Appellant | : | No. 2528 EDA 2017 |

Appeal from the Judgment of Sentence July 11, 2017
in the Court of Common Pleas of Delaware County
Criminal Division at No.:  CP-23-CR-0001683-2017

BEFORE:   DUBOW, J., MURRAY, J., and PLATT*, J.

JUDGMENT ORDER BY PLATT, J.:                    **FILED OCTOBER 18, 2018**

Appellant, Billy Ray Hardesty, appeals from the judgment of sentence imposed following his guilty plea to burglary as a felony of the first degree and receiving stolen property.  He now claims he was eligible for the Recidivism Risk Reduction Incentive program (RRRI).[1]  Appellant maintains this case is controlled by **Commonwealth v. Cullen-Doyle**, 164 A.3d 1239 (Pa. 2017). The Commonwealth argues that **Cullen-Doyle** does not apply, because this is not Appellant's first conviction.  We agree.  Accordingly, we affirm.

After a preliminary hearing, Appellant entered counseled, negotiated guilty pleas to burglary and receiving stolen property.  On appeal, Appellant

_____

[1] 61 Pa.C.S.A. §§ 4501–4512.

_____

*   Retired Senior Judge assigned to the Superior Court.

now asserts that he was eligible for RRRI even though he was convicted of burglary, a felony of the first degree. (**See** Appellant's Brief, at 11).

Appellant raises one question on appeal:

Whether Appellant was eligible for RRRI although the instant conviction was burglary, a felony of the first degree?

(Appellant's Brief, at 5).

Appellant's challenge involves the interpretation of the RRRI statute. "As the issue entails statutory interpretation, our review is *de novo* and plenary." **Cullen-Doyle**, *supra* at 1241 (citation omitted).

Here, we observe that the Commonwealth reports that prior to his arrest in the instant matter, Appellant was previously arrested seven times, and pleaded guilty **on each occasion**. (**See** Commonwealth's Brief, at 4). Three of these occasions included guilty pleas to burglary as a felony of the first degree. (**See id.**) (citing CP-23-CR-0003281-2010, CP-23-CR-0003293-2010, and CP-23-CR-0005339-2011). Notably, Appellant does not deny this criminal record.

The trial court confirms that it inquired into Appellant's eligibility for RRRI. (**See** Trial Court Opinion, 11/28/17, at 3). The Commonwealth stated that Appellant was ineligible for RRRI. (**See id.**). Neither Appellant nor plea counsel objected. The trial court also determined that Appellant was not RRRI eligible. (**See id.**) (citing N.T. 7/11/17, at 16); (**see also** Trial Ct. Op., at 7-10). Furthermore, on appeal, the Commonwealth notes Appellant's three prior guilty pleas in its brief. (**See** Commonwealth's Brief, at 4). Appellant did not

file a reply brief. The Commonwealth maintains that in light of Appellant's three prior guilty pleas to burglary as a felony of the first degree, *Cullen-Doyle* is "neither controlling nor influential," because it did not address repeat burglary offenders. (*Id.* at 7). We agree.

As already noted, *Cullen-Doyle* addresses only an instant **first** offense. *See Cullen-Doyle*, *supra* at 1240. Appellant does not assert that this is his first or only offense. To the contrary, he never disputes his prior convictions. In fact, Appellant failed to make any other effort to challenge his conviction record, refute the Commonwealth, or deny the ineligibility conclusion of the trial court.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/18